**Melissa COOMER, Plaintiff,**

v.

**SHARP ELECTRONICS CORP., et al., Defendants.**

**No. 98 C 0401.**

United States District Court, N.D. Illinois, Eastern Division.

Oct. 9, 1998.

Claudia Oney, Attorney at Law, Chicago, IL, for Plaintiff.

Lawrence I. Kipperman, Scott Edward Gross, Sidley & Austin, Chicago, IL, for Sharp Electronics Corp.

Nancy E. Sasamoto, Kendall B. Lynchey, Masuda, Funai, Eifert & Mitchell, Ltd., Chicago, IL, for Nissin International Transport.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Bruce Enders' motion to dismiss plaintiff Melissa Coomer's complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6). The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367. For the reasons that follow, the court grants defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).

### I. BACKGROUND

On January 23, 1998, Melissa Coomer ("Coomer") filed her complaint with this court naming Sharp Electronics Corporation, Nissin International Transport U.S.A., Inc., and Bruce Enders as defendants. Then on February 23, 1998, Coomer filed an amended complaint. Coomer failed to serve Bruce Enders ("Enders") with a copy of the complaint and a summons by May 25, 1998, as required by Federal Rule of Civil Procedure 4(m). Pursuant to Rule 4, this court on its own motion extended the time period for service to July 28, 1998. Coomer served Enders with a copy of the original complaint on July 23, 1998.

On August 12, 1998, Enders filed a motion to dismiss Coomer's complaint. One of the grounds for dismissal is lack of service. Enders attached an affidavit to his motion stating: "On July 23, 1998, I received the attached Complaint from some unidentified person who told me that I was being served. The attached complaint is the only document that the person gave me." In Coomer's response brief, Coomer states that the process server personally served Enders with a copy of the summons and the complaint. However, Coomer has not attached any proof of service or counter affidavit to her response. Furthermore, Coomer's counsel stated in open court that she was unsure if Enders was served with the summons.

### II. DISCUSSION

Enders argues that Coomer's complaint must be dismissed pursuant to Rule 12(b)(5) because he did not receive proper service of process under Federal Rule of Civil Procedure 4(m). Rule 4(m) provides that service of both the complaint and the summons shall be "made upon a defendant within 120 days after the filing of the complaint." FED. R. CIV. P. 4(m). If both the complaint and the summons are not served within the 120-day time period, the court upon motion or its own initiative shall dismiss the case without prejudice. *Id.* However, Rule 4(m) provides some relief by allowing the court to extend the 120-day period in its discretion. *Id.*

In this case, Coomer did not effectuate proper service on Enders within the original 120-day period required under Rule 4(m). In response to Coomer's failure to timely serve Enders, this court *sua sponte* extended the time period for service. Within that extended time period, an unidentified person served Enders. However, according to Enders' affidavit, the unidentified person served him with only a copy of the original complaint and did not serve him with the summons. In response to Enders' allegation, Coomer attached a copy of the summons to her response brief but did not attach any proof of service or a counter affidavit stating that Enders was served with the summons. Furthermore, in open court on October 6, 1998, counsel for Coomer was unable to state definitively if Enders was ever served with the summons. Although the parties contest in their briefs whether or not Coomer served Enders with the summons, based on the record's lack of any proof of service, Enders' uncontroverted affidavit, and Coomer's counsel's in-court statements, this court finds that Coomer never served Enders with the summons. *See Wang v. Lake Maxinhall Estates,*

*Inc.*, 531 F.2d 832, 833 (7th Cir.1976) ("[W]e must accept as true the ... uncontradicted statements in defendants' affidavits.").

■ Coomer's counsel also contended, in open court on October 6, 1998, that service on Enders is valid even if Coomer did not serve Enders with the summons for two reasons. Counsel's first basis is that the law does not require service of both the complaint and the summons. This, however, is in direct contradiction to Rule 4(m) because Rule 4(m) specifically states that the defendant shall be served with both the summons and the complaint. *See* FED. R. CIV. P. 4(m). Counsel's second basis for her belief that service is proper is Enders' knowledge of the suit. Knowledge of the proceedings, however, does not cure defective service. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir.1991). Therefore, Enders knowledge of the suit did not make the service valid. Because Coomer did not serve Enders with a summons during the court granted time extension for service and service of the summons is necessary for proper service, this court dismisses Coomer's case against Enders pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

### III. *CONCLUSION*

For the foregoing reasons, the court grants defendant Enders' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). Accordingly, Melissa Coomer's case is dismissed without prejudice against Bruce Enders.